## HATTIE E. ROBINSON *v*. W. T. DUVALL *et al*.

### (*Court of Appeals of Kentucky, Sept. 18, 1880.*)

INSURANCE. A party whose life is insured for the benefit of his wife and children, or their representatives, has no such interest in the policy that he can assign it.

B. F. Crowfoot insured his life in the Connecticut Mutual Life Insurance Company for the sum of $5,000, payable to his wife and children or their representatives. At the date of the policy the insured had three children, all minors and unmarried. In a few days thereafter his wife died. He continued to pay the annual premiums as they fell due until April 7, 1878, when he died, having survived all his children, two of whom died in infancy, and unmarried, and one having married left an only child, the appellee, W. T. Duvall, and her husband, surviving her. Before his death, and after the death of all his children, the insured assigned and delivered the policy to his niece, the appellant, Hattie E. Robinson, intending it as a gift to her. The executor of the insured, the guardian of the infant grandson, W. T. Duvall,

and Hattie E. Robinson all claiming the proceeds of the policy, the insurance company brought its petition of interpleader and paid the money into court, and the court having adjudged it to W. T. Duvall, Robinson alone has appealed.

In determining the question of who is the rightful owner of the proceeds of the insurance policy in controversy, the court of appeals said: "When we consider the nature and design of life insurance and the relation of the parties, we think the policy should be construed as if it were payable to such of the children as should survive the insured, and the surviving issue of such as might die during his life. We are therefore of the opinion that the insured had no interest in the policy, and that the assignment made by him to the appellant gave her no right to any part of its proceeds, and the judgment is affirmed."